UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REED C. DEMPSEY,<br><br>        Plaintiff<br><br>    v.<br><br>BUCKNELL UNIVERSITY, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 4:11-CV-1679<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

### MEMORANDUM

In this action, Plaintiff Reed C. Dempsey has asserted various claims against Bucknell University and several individual defendants, including a breach of contract claim in which he alleges that the University, where he was enrolled as a student, failed to provide him with relevant information for a student conduct hearing that ultimately resulted in his formal censure for Disorderly Conduct. The matter now comes before the Court on the Bucknell University Defendants' Motion for Protective Order (Doc. 87), filed on May 10, 2013. These defendants have moved for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to prohibit Dempsey from deposing certain University employees who participated in the adjudication of his student conduct hearing, or in the University's administrative appeals process thereafter, and to modify the time and place of deposition for three additional witnesses—defendant Dean Kari Conrad and two University trustees. The motion is fully briefed and ripe for decision. *See* Fed. R. Civ. P. 78(b); L.R. 7.9.

I. **BACKGROUND**

Dempsey filed the complaint in this action on September 6, 2011. (Doc. 1). On November 14, 2011, the Bucknell University Defendants moved to dismiss the complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11). On May 3, 2012, the Court entered an Order granting in part and denying in part the Bucknell University Defendants' motion to dismiss. (Doc. 31). The Order of May 3, 2012, denied the motion to dismiss and permitted the case to proceed with respect to Dempsey's breach of contract claim alleging a failure by the University to disclose certain information regarding the student conduct charges against Dempsey in advance of his student conduct hearing, as required by the Bucknell University Student Handbook. Several other claims not related to the student conduct hearing process, and not implicated in the instant discovery dispute, also survived the motion to dismiss. The Bucknell University Defendants filed their answer to the surviving counts of the complaint on June 18, 2012. (Doc. 40).

The record of this case is peppered with discovery disputes. One of the most recent disputes involves Dempsey's attempt to depose several officers and employees of Bucknell University. This dispute appears to have begun with an April 23, 2013, e-mail request by Dempsey to the Bucknell University Defendants requesting dates of availability for several witnesses employed by or otherwise affiliated with Bucknell University. On April 28, 2013, the Bucknell University Defendants replied by e-mail to Dempsey, providing dates of availability for certain witnesses, promising to provide dates for another witness shortly, and refusing to produce several other witnesses on the ground that they possessed no relevant information. Counsel exchanged additional e-mail messages on May 1 and 3, 2013, but they were unable to resolve their differences with respect to the contested depositions.

On or about May 3, 2013, Dempsey served counsel for the Bucknell University Defendants with notices of deposition and Rule 45 subpoenas commanding the appearance of various witnesses, including Eric Faden, Tammy Hiller, Judy Mickanis, Dennis Hopple,

Michael Smyer, Kari Conrad, Kenneth W. Freeman, and William A. Graham IV, each of whom is employed by or an officer, director, or managing agent of Bucknell University. On May 10, 2013, the Bucknell University Defendants moved pursuant to Rule 26(c) for a protective order to prohibit the depositions of Faden, Hiller, Mickanis, Hopple, and Smyer, and to modify the time and/or place of the depositions of Conrad, Freeman, and Graham. (Doc. 87). On May 17, 2013, Dempsey filed his brief in opposition to the motion for a protective order. (Doc. 89).

On June 12, 2013, one day before fact discovery was scheduled to close, the parties jointly moved to stay all discovery and other pretrial proceedings pending mediation and resolution of pending discovery disputes. (Doc. 91). The Court entered an Order granting the motion and staying the case later that same day. (Doc. 92).

On July 10, 2013, the parties advised the Court that mediation was not successful, and they requested a telephone status conference to discuss a new scheduling order. (Doc. 93). A telephone status conference is currently scheduled to take place on October 8, 2013. (*See* Doc. 98). The case remains stayed pending the status conference and the disposition of outstanding discovery disputes.

II. DISCUSSION

A. STUDENT CONDUCT HEARING AND APPEALS PROCESS WITNESSES

Dempsey has noticed the deposition of five witnesses—Eric Faden, Tammy Hiller, Judy Mickanis, Dennis Hopple, and Michael Smyer—whose roles in the underlying events are limited to their participation in Dempsey's student conduct hearing and appeals process. Faden, Hiller, and Mickanis were members of the initial student conduct hearing panel, Hopple was a member of the panel that adjudicated Dempsey's first-level appeal, and Smyer adjudicated Dempsey's second-level appeal. In support of their motion for a protective order,

the Bucknell University Defendants contend that, as a result of the Court's Order of May 3, 2012 (Doc. 31), in which most of Dempsey's claims regarding the student conduct hearing and appeals process were dismissed, these five witnesses have no relevant testimony to offer. In a footnote to their brief in support, the Bucknell University Defendants further note that Dempsey failed to properly serve the Rule 45 subpoenas on these five witnesses, instead delivering them by mail to defense counsel, who had not previously agreed to accept service of process on behalf of these five individuals.

### 1. Relevance

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown. The party seeking a protective order bears the burden of demonstrating the 'good cause' required to support such an order." *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Dempsey's lone surviving claim regarding the student conduct hearing process is a breach of contract claim based on the University's alleged failure to disclose certain information regarding the student conduct charges against Dempsey in advance of his student conduct hearing, as required by the Bucknell University Student Handbook. The Bucknell University Defendants note that the roles of these five witnesses were strictly limited to the hearing itself and the appeals process that followed – none of these five had any involvement in discharging, or failing to discharge, the University's pre-hearing

disclosure obligation, which apparently was the responsibility of Defendant Conrad. As such, the Bucknell University Defendants reason that these five witnesses cannot possibly offer any relevant information, and that Dempsey can obtain whatever relevant information he seeks by deposing Defendant Conrad alone.

In opposition to the motion for a protective order, Dempsey contends that, even though these five witnesses likely have no information to offer with respect to the University's breach of a contractual duty, their testimony is relevant for the purpose of establishing causation for his alleged damages. *See [Penn Nat'l Ins. v. HNI Corp.*, 482 F. Supp. 2d 568, 587 (M.D. Pa. 2007)](#)* ("Under Pennsylvania law, the three elements of a cause of action for breach of contract are: 1) the existence of a contract; 2) a breach of duty imposed by the contract; and 3) resulting damages."). The gravamen of Dempsey's contract claim is that: (a) the Bucknell University Student Handbook constituted a contract between the University and Dempsey; (b) under the terms of the Handbook, the University had a duty to disclose certain information to Dempsey before his student conduct hearing and failed to do so; and (c) the failure to disclose that information impaired Dempsey's defense to the student conduct charges such that it caused Faden, Hiller, and Mickanis to reach their decision to formally censure Dempsey, and Hopple and Smyer to affirm that decision on appeal. The deposition of these five witnesses appears "reasonably calculated to lead to the discovery of admissible evidence" of a causal link between the University's failure to disclose and the Dempsey's ultimate censure for Disorderly Conduct.

### 2. Proper Service

In a footnote to their brief in support, the Bucknell University Defendants note, somewhat obliquely, that "[t]he subpoenas were not properly served, nor did they include the required witness fee." ([Doc. 88, at 7](#) n.1). The Bucknell University Defendants provide

no further facts or argument on this point. Service of these Rule 45 subpoenas indeed may have been defective – on their face, the subpoenas appear to have been mailed to counsel for Bucknell University, their employer and a party to this litigation, rather than personally served upon each witness. *See Duffy v. Kent County Levy Court*, 800 F. Supp. 2d 624, 629 (D. Del. 2011) ("A majority of courts have held that Rule 45 requires personal service of subpoenas."); *Alfamodes Logistics Ltd. Liab. Co. v. Catalent Pharma Solutions, LLC*, No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.") (internal quotation marks omitted).

It is apparent from the record, however, that subpoenas are not necessary to conduct the deposition of these five witnesses. "If the person to be deposed is a party to the action, or an officer, director, or managing agent of a party to the action, a subpoena is not required and a notice is sufficient to require his attendance. If the deponent is not a party and does not consent to attend, then his attendance can be compelled only by a subpoena issued under Fed. R. Civ. P. 45." *Trans Pacific*, 136 F.R.D. at 392 (citation omitted); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i) ("The court . . . may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition . . . .").

Smyer is the Provost, or chief academic officer, of Bucknell University. There is simply no question that he is an officer of a party, and thus no subpoena is necessary to require Smyer to appear for deposition.

The status of Faden, Hiller, Mickanis, and Hopple is less clear, but discernible nonetheless. Faden and Hiller are faculty members, Mickanis is an events manager, and

Hopple is an associate registrar. In the present context, based on the limited information available to the Court, it is appropriate to treat them as "managing agents" of the University.

> Although the law provides no clear definition of "managing agent," it is generally understood as an individual "invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters." To determine whether an employee is a managing agent, courts consider whether the individual is: "(1) invested with power to exercise his discretion and judgment in dealing with corporate matter, (2) can be depended upon to carry out employer's direction to give required testimony, and (3) has an alignment of interests with the corporation rather than one of the other parties." This determination does not require an individual to possess general discretionary powers, but, rather, should be dependent "largely on functions, responsibilities and authority of the individual involved respecting the subject matters of the litigation."

*Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 494 (E.D. Pa. 2003) (citations omitted) (quoting other sources); *see also Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 1127484, at *2 (M.D. Pa. Mar. 18, 2013) (citing *Philadelphia Indemnity* with approval). Furthermore,

> [w]hen a person's managing agency status is debatable, "courts in pretrial proceedings have resolved doubts under the standard in favor of the examining party." The inquiry into whether a person is a managing agent for purposes of compelling attendance at a deposition is not dispositive of the issue whether statements made during that deposition bind the corporation by virtue of the deponent's managing agency. However, the latter, more meaningful inquiry cannot occur, at least in this case, unless the deposition occurs. To err on the side of the examining party is to err on the side of caution, because the examined party can present for later decision whether the statement binds the corporation. Thus, when managing agency status is a "close question," doubts should be resolved in favor of the examining party.

*E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010) (citations omitted) (quoting other sources); *see also, e.g.*, *Kraemer v. Franklin & Marshall College*, No. 95-0020, 1995 WL 296194, at *1 (E.D. Pa. May 11, 1995) (finding a tenured college professor who participated in departmental hiring decision was a managing agent for deposition purposes).

It is clear that each of these four proposed deponents was invested with power to exercise his or her discretion and judgment in dealing with Dempsey's student conduct proceedings. Moreover, given their continued employment with the University, there is no reason to doubt that each can be depended upon to carry out the University's direction to give required testimony, and each has a clear alignment of interests with the University rather than with Dempsey. Accordingly, subpoenas are not necessary to require Faden, Hiller, Mickanis, and Hopple to appear for deposition.

B. <u>University Trustees</u>

Dempsey has noticed the deposition of two members of Bucknell University's Board of Trustees – Kenneth W. Freeman and William A. Graham IV. In the parties' informal e-mail dialogue prior to service of deposition notices, the Bucknell University Defendants initially objected to these depositions on relevance grounds, but later provided Dempsey with dates when Freeman and Graham were available to be deposed, provided their depositions were conducted in Boston and Philadelphia, respectively. The Bucknell University Defendants offered to make Freeman available in Boston, where he lives and works, on June 11, 12, 13, or 14, or by videoconference, also offering to permit Dempsey to use the videoconferencing equipment at defense counsel's Harrisburg, Pennsylvania, office if Dempsey desired. The Bucknell University Defendants also offered to make Graham available in Philadelphia, where he lives and works, on June 5, 12, or 27. Dempsey rejected the offered dates and locations, and he instead served notices of deposition for Freeman and Graham that directed them to appear to be deposed in Lewisburg, Pennsylvania, on June 4, 2013, a date when neither was available.

It is clear that Freeman and Graham, each of whom is an officer of Bucknell University's Board of Trustees, are officers or directors of a party. "If the deponent is a party,

then the discovering party may set the place for deposition wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)[] designating a different place." *Trans Pacific*, 136 F.R.D. at 392. Upon consideration of a motion for a Rule 26(c) protective order, however, "[t]he court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties[,] and may order that expenses be paid by the opposing party." *Trans Pacific*, 136 F.R.D. at 393; *see also In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 474 (E.D. Va. 2010) (place of deposition left to the sound discretion of magistrate judge); *Rapoca Energy Co. v. AMCI Exp. Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001) ("[A] federal court has broad discretion to determine the appropriate location for a deposition and may attach conditions . . . as it finds appropriate."); *Barili v. Bianchi*, 6 F.R.D. 350, 352 (N.D. Cal. 1946) (hardship justified taking deposition in Los Angeles, where deponent worked, rather than 380 miles away in San Francisco); *Krier v. Muschel*, 29 F. Supp. 482, 482 (S.D.N.Y. 1939) (summarily directing that plaintiff's deposition be taken in his hometown of Bethlehem, Pennsylvania, rather than 7 miles away in Allentown, Pennsylvania). Although courts have held that, as a general rule, the deposition of an officer, director or managing agent of a corporate party should be taken at the corporate party's principal place of business, *see, e.g.*, *Mitchell v. Am. Tobacco Co.*, 33 F.R.D. 262, 263 (M.D. Pa. 1963) (citing cases), courts have also recognized a general rule that, "if a deponent lives a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides," *First Fid. Bancorp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 90-1866, 1992 WL 46881, at *5 (E.D. Pa. Mar. 5, 1992) (citing cases).

Based on the record before the Court, depositions of the University trustees appear to

be of ancillary importance to the claims and defenses at issue in this case, at best. Moreover, although both witnesses are officers of Bucknell University's Board of Trustees, neither Freeman nor Graham resides or works in or near Lewisburg, Pennsylvania. Freeman lives and works in the Boston area, where he is a professor and dean of another university's school of management. Graham lives and works in the Philadelphia area, where he is chairman and chief executive officer of an insurance brokerage and consulting firm. Accordingly, the Court finds good cause for a protective order directing that the depositions of Freeman and Graham be taken in Boston and Philadelphia, respectively, or, alternatively, by videoconference or other remote means, at a later date.

    C. DEAN CONRAD

Dempsey noticed the deposition of Defendant Kari Conrad to take place on May 24, 2013, in Lewisburg, Pennsylvania. Conrad lives and works in Lewisburg, where she is employed as a dean at Bucknell University. But she was unavailable to attend a deposition on May 24, 2013, due to her son's high school graduation and a prior obligation to play host to out-of-town relatives visiting to attend his graduation. Although Conrad's role in this case is clearly central, and the taking of her deposition essential, there is no overriding reason why it could not be rescheduled for another time more convenient to the deponent. Accordingly, the Court finds good cause for a protective order directing that the deposition of Conrad be rescheduled for a later date.

**III. CONCLUSION**

For the foregoing reasons, the Bucknell University Defendants' Motion for Protective Order ([Doc. 87](Doc. 87)) will be **GRANTED in part** and **DENIED in part**. The motion shall be granted with respect to the depositions of Kenneth W. Freeman, William A. Graham IV, and Kari Conrad, and denied with respect to the depositions of Eric Faden,

Tammy Hiller, Judy Mickanis, Dennis Hopple, and Michael Smyer. The parties shall be directed to meet and confer promptly to determine new times and places for these eight depositions, which must be completed before a new fact discovery deadline imposed by a forthcoming scheduling order. The deposition of Kenneth W. Freeman shall take place in Boston, Massachusetts, or such other place to which the parties mutually agree, and may be taken by videoconference or other remote means. The deposition of William A. Graham IV shall take place in Philadelphia, Pennsylvania, or such other place to which the parties mutually agree, and may be taken by videoconference or other remote means. The depositions of Eric Faden, Tammy Hiller, Judy Mickanis, Dennis Hopple, Michael Smyer, and Kari Conrad shall take place in Lewisburg, Pennsylvania, or such other place to which the parties mutually agree.

      An appropriate Order follows.

BY THE COURT:

**Dated: September 23, 2013**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**