# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REED C. DEMPSEY, | : NO:  4:11-CV-1679 |
|     Plaintiff | : |
| | : JUDGE BRANN |
| v. | : |
| | : |
| BUCKNELL UNIVERSITY, *et al.* | : CIVIL ACTION - LAW |
|     Defendants | : JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO BUCKNELL DEFENDANTS AND DEFENDANT VOCI'S UNDISPUTED MATERIAL FACTS

**BOYLE LITIGATION**

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618

**Megan E. Schanbacher, Esquire**
Supreme Court I.D. No. 306958
4660 Trindle Road, Suite 102
Camp Hill, PA  17011
Phone:  (717) 737-2430
Fax:  (717) 737-2452
Email: deboyle@boylelitigation.com
       mschanbacher@boylelitigation.com

Counsel For:  Plaintiffs

Dated:  June 26, 2014

# **TABLE OF CONTENTS**

**Page(s):**

I.  PLAINTIFF'S RESPONSE TO DEFENDANT BUCKNELL'S UNDISPUTED MATERIALS FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. RESPONSE TO DEFENDANT VOCI'S UNDISPUTED MATERIAL FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**I.      PLAINTIFF'S RESPONSE TO DEFENDANT BUCKNELL'S UNDISPUTED MATERIALS FACTS:**

Plaintiff does not dispute that Kelly Stefanowicz made statements and provided information to Bucknell University Public Safety officers ("BUPS"), as well as other persons who issued written statements to BUPS; however, the content and veracity of the statements are in dispute.  The following paragraphs of Defendant Bucknell's Statement of Material Facts in Support of Their Motion for Summary Judgment are specifically disputed:

1.      Paragraph 3:  It is undisputed that on the evening of September 5, 2010, BUPS Officer Holtzapple was one of the BUPS officers that interviewed Kelly; however, BUPS Officer Fisher, BUPS Officer Ulmer, and Dean Badal were also present and engaged in questioning or commenting during this interview session. Bucknell Defendants' Exh. B p. 5, item 2; *see also* Exhibit. "B" (Audio Recording of Kelly's Interview of 9/5/10); *see also* Bucknell Defendants' Exh. E.

2.      Paragraph 4: It is undisputed that Kelly arrived at BUPS with visible injuries; however, it is disputed as to the "obvious and significant" characterization of the status of those injuries.

3. Paragraph 25: Ms. Masand's statement says that Reed was accompanied by R.A. Michael Sena when he approached Kelly, who then "started yelling at him again." Bucknell Defendants' Exh. I p. 2.

4. Paragraph 49: BUPS did have information from Kelly, Coach Cook, Mr. Stefanowicz, and Ms. Masand, and others; however Kelly is the only one who claimed to have been assaulted and no other witness statement expressly mentioned "assault" or witnessed any assault. (*See* statements respectively).

5. Paragraphs 61– 62: Kelly was re-interviewed at the request of BUPS because the information provided to them by Kelly during her first interview would not support additional charges of false imprisonment and/or indecent assault and BUPS officers wanted Kelly to elaborate on her story. The decision to have her re-interviewed was made after Kelly was confronted by Bucknell administrators and BUPS about the inconsistencies in her story and the conflicting witness accounts. Exhibit "P", Voci Dep. Tr. pp 82:22 - 83:9.

6. Paragraph 83: It is undisputed that Kelly provided Detective Ettinger with information during this recorded, re-interview process; however, Plaintiff again disputes the veracity of the second statement. The introductory clause, "[g]iven

Reed's control of her and his sexual arousal", is disputed, as it is a subjective and contested theory of why Kelly provided Detective Ettinger with her statement.

   7.  Paragraph 111: Reed testified there is "no indication" that he is entitled to an officer's handwritten notes. Exhibit "A", Excerpts from Deposition Transcript of Reed Dempsey, p. 176:8-11. However, Reed did not testify that *he was not entitled to everything he requested*, or that he was not entitled to them.

## II. RESPONSE TO DEFENDANT VOCI'S UNDISPUTED MATERIAL FACTS

Overall, it is undisputed that Kelly Stefanowicz made statements and provided information to Bucknell University Public Safety officers ("BUPS"), Defendant Voci, as well as other persons who issued written statements to BUPS; however, the veracity of the information and the statements that Kelly provided are in dispute. The following paragraphs of Defendant Voci's Statement of Uncontested Material Facts are specifically disputed:

1. Paragraph 4: It is undisputed that Kelly made those statements on September 6, 2010; however, the veracity of those statements is disputed.

2. Paragraph 14: Stephen Becker, Esquire testified that when DA Johnson dismissed the charges against Reed, DA Johnson told him that it didn't "necessarily mean Reed [was] innocent, *but he wasn't saying that Reed was guilty either*." Bucknell Defendants' Exh. CC, p. 112:20-22 (emphasis added).

3. Paragraphs 22, 25, 26, 27: The fact that Reed could not recall or identify defamatory statements during his deposition does not establish that defamatory statements were not made by Defendant Voci.

4. Paragraph 28: Defendant Voci's claim that his defamatory statement "could have been obtained from other sources" is speculative and does not establish an undisputed material fact. The statement originated with Defendant Voci, and was simply republished.

                                     **BOYLE LITIGATION**

                                     /s/ *Megan E. Schanbacher*
                                     **Dennis E. Boyle, Esquire**
                                     Supreme Court I.D. No. 49618

                                     **Megan E. Schanbacher, Esquire**
                                     Supreme Court I.D. No. 306958
                                     4660 Trindle Road, Suite 102
                                     Camp Hill, PA  17011
                                     Phone:  (717) 737-2430
                                     Fax:  (717) 737-2452
                                     Email: deboyle@boylelitigation.com
                                                     mschanbacher@boylelitigation.com

                                     Counsel For:  Plaintiffs

Dated:  June 26, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

| | |
|---|---|
| Amy C. Foerster, Esquire<br>amy.foerster@bucknell.edu | Mark T. Perry, Esquire<br>mtp@theperrylawfirm.com |
| Corey S. Winter, Esquire<br>cwinter@saul.com | Timothy Holland, Esquire<br>tholland@theperrylawfirm.com |
| James Keller, Esquire<br>jkeller@saul.com | |

                                                     /s/ *Penny A. Rogers*
                                                  Penny A. Rogers, Pa.C.P.
                                                  Senior Paralegal

Dated:  June 26, 2014