IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REED C. DEMPSEY, et al., | : | Case No. 4:11-cv-1679 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| BUCKNELL UNIVERSITY, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
March 6, 2015

**I. PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint with this Court on September 6, 2011 (ECF No. 1), alleging eighteen counts based on various theories of recovery. On November 14, 2011, the Bucknell Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 11), which was granted in part and denied in part by United States District Judge Yvette Kane, who was then presiding over the case. Specifically, Judge Kane dismissed some claims without prejudice with leave to amend if warranted by the facts. Plaintiff, however, made no attempt to amend his complaint following the entry of Judge Kane's memorandum and order.

On January 10, 2014, the parties completed discovery and on May 29, 2014 the Bucknell Defendants filed a Motion for Summary Judgment (ECF No. 125).

1

Plaintiff also made no attempt at that juncture to amend his complaint based on the facts identified in discovery.

On January 5, 2015, this Court granted the Bucknell Defendants' Motion for Summary Judgment (ECF No. 170, 171). In doing so, the Court granted final judgment for the Bucknell Defendants, despite the one remaining claim against Defendant Voci. At that point, Plaintiff filed the instant motions.

The first motion seeks relief from the entry of final judgment in favor of the Bucknell Defendants pursuant to Federal Rule of Civil Procedure 54(b) (ECF No. 178). The next is a motion for reconsideration of this Court's January 5, 2015 Memorandum and Order pursuant to Federal Rule of Civil Procedure 59 (ECF No. 181). These motions are now ripe for disposition.

For the following reasons, the motion for relief from final judgment is granted in part and denied in part. The Court will amend its January 5, 2015 Order accordingly. The motion for reconsideration is denied.

## II. DISCUSSION

**A. Motion for Relief from Final Judgment**

Rule 54(b) provides that a district court may convert an order adjudicating less than an entire action to the end that it becomes a final decision over which a court of appeals may exercise jurisdiction under 28 U.S.C. § 1291. *See Elliot v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012); Fed. R. Civ. P. 54(b).

Though Rule 54(b) orders are the exception rather than the rule, *see Elliot*, 682 F.3d at 220, a court has the discretion to enter an order granting final judgment to some but not all of the parties if there exists "no just cause for delay."  Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *see also Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958).  In so determining, the court must "tak[e] into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  Specifically, the United States Supreme Court held in *Curtiss-Wright* that:

> Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. . . . It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separate from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* at 9-10.

Plaintiff argues that this Court erred by entering final judgment in favor of the Bucknell Defendants because it will create a piecemeal appeal and because it will result in a substantial financial burden to him.  This Court finds Plaintiff's arguments unpersuasive.  The purpose of Rule 54(b) is to balance the federal court

system's historic opposition to piecemeal appeals with the recognition that sometimes in multi-party litigation such appeals are necessary or even desirable.

In this case, Plaintiff's claims against the Bucknell Defendants and Defendant Voci, despite their basis in the same underlying factual scenario, are little related otherwise. The facts that Plaintiff has employed in his tortious interference and defamation claims against Defendant Voci deal solely with the latter's conduct in representing Ms. Stefanowicz, while the facts relied upon by Plaintiff in his case against the Bucknell Defendants relate to the filing of criminal charges and the student conduct hearing. The claims against the Bucknell Defendants and Defendant Voci do not raise the same legal questions, nor do they depend upon proof of the same facts. Thus, "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Consequently, this Court finds that the entry of final judgment was appropriate and will revise its January 5, 2015 Order only to clarify its reasons for so deciding.

**B. Motion for Reconsideration**

A motion for reconsideration is a device of limited utility. Its purpose "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing

judgment: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

Conversely, a motion for reconsideration may not be "used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (internal citation omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

In this case, Plaintiff does not allege that there has been an intervening change in controlling law, nor does he allege that he has uncovered new evidence that was not available to him when this Court entered summary judgment on January 5, 2015. Rather, he appears to rest his argument on the allegation that this Court committed a clear error of law or fact.

"A finding of clear error requires a 'definite and firm conviction that a mistake has been committed.'" *U.S. v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). The Court cannot make that determination in this instance. "Essentially attempting to relitigate issues already decided by the Court," *Chappelle v. Varano*, Civ. No. 4:11-CV-00304, 2014 WL 2808608, at *2 (M.D.Pa. June 19, 2014) (Brann, J), Plaintiff asserts that the Court improperly evaluated factual determinations more appropriately left to a jury. The Court has already considered and discussed these issues at length and therefore it declines to do so again. To the extent that Plaintiff is now attempting to argue new theories of liability under his fraud and breach of contract counts, a motion for reconsideration is not the appropriate medium to do so.[1]

---

[1] Moreover, Plaintiff has already withdrawn his Motion for Leave to File an Amended Complaint; thus, Plaintiff has no basis to set forth these new and previously un-argued theories.

## III. CONCLUSION

In light of the foregoing analysis, Plaintiff's motion for relief from final judgment is granted in part and denied in part.  The Court will amend its January 5, 2015 Order accordingly.  Plaintiff's motion for reconsideration is denied.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge